United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U LEVY,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>APPLE INC,<br><br>　　　　　　Defendant(s).<br>_____/ | No. C-13-4143 DMR<br><br>**ORDER GRANTING IFP APPLICATION AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

　　　　Plaintiff Amanda Levy ("Plaintiff") filed her Complaint [Docket No. 1] and Application to Proceed *In Forma Pauperis* ("IFP Application") [Docket No. 3] on September 6, 2013. On September 24, 2013, the court found that this case was related to Case No. C-13-2075, also filed by Plaintiff against Defendant Apple Inc.[1] [Docket No. 6.]

　　　　Having evaluated Plaintiff's financial affidavit, the court finds that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants the IFP Application. The court also dismisses the Complaint without leave to amend because Plaintiff acknowledges that

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

1  it is a re-filing of Plaintiff's earlier-filed case.[2] *See* Application to Proceed In Forma Pauperis
2  [Docket No. 3] at 4 (in response to question asking whether the complaint Plaintiff is seeking to file
3  raises claims presented in other lawsuits, Plaintiff stated, "[Case No.] 4:13-cv-2075 . . . I am refiling
4  [it]."). This court dismissed the complaint in the earlier-filed case sua sponte upon granting
5  Plaintiff's *in forma pauperis* application, holding that Plaintiff had failed to plead facts supporting
6  this court's subject matter jurisdiction. *See* Order, Docket No. 6 at 2, *Levy v. Apple*, No. C-13-2075
7  (N.D. Cal. June 24, 2013). *See also* 28 U.S.C. § 1915(e)(2)(B) (in reviewing an application to
8  proceed *in forma pauperis*, courts may dismiss a case sua sponte if the party applying for *in forma*
9  *pauperis* status files a frivolous action or fails to state a claim on which relief may be granted);
10 *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (district courts have the authority to
11 dismiss "frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts,
12 or postulating events and circumstances of a wholly fanciful kind") (citation omitted). Just as with
13 the complaint in the earlier-filed case, the Complaint here recites bare legal conclusions and alleges
14 "wholly fanciful" or otherwise insufficient facts, and Plaintiff has failed to state any claims on which
15 relief may be granted or any basis for this court's subject matter jurisdiction.

16        The Complaint is dismissed without leave to amend. "[A] district court should not dismiss a
17 pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the
18 complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)
19 (quotations omitted). After dismissing the earlier-filed case, the court gave Plaintiff leave to file an
20 amended complaint, but did so "with reluctance." This court noted:

> This complaint appears to be one of several hundred frivolous complaints that Plaintiff has filed all over the country. Plaintiff has a long history of filing meritless actions containing many of the same allegations. Her actions have placed disproportionate burdens on limited judicial resources. For this reason, the court will provide Plaintiff with one opportunity to amend her complaint, and no more.

---

[2] Plaintiff alleges that she visited Apple stores in Los Angeles on several occasions, and that employees ousted her and stole her personal property. Compl. at 1-2. It is not clear from the Complaint what causes of action Plaintiff attempts to allege, but Plaintiff states that she "would like to be compensated for assault, battery, breach of contract, bullying, negligence, false imprisonment, burglaries, retaliation, emotional distress, discrimination, sexual harassment, and sexual assault based on national origin for twenty million dollars." *Id.* at 2.

United States District Court
For the Northern District of California

Order, Docket No. 6 at 4-5, *Levy v. Apple*, No. C-13-2075 (N.D. Cal. June 24, 2013) (citations omitted). Plaintiff has had at least one chance to amend her factual allegations in her lawsuit against Defendant premised on these events, and she failed to timely amend. This current case is essentially an attempt to amend the complaint in the earlier case. It does not cure the defects set forth in this court's order on that complaint. While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, the court grants Plaintiff's IFP Application and dismisses the Complaint without leave to amend.

IT IS SO ORDERED.

Dated: October 3, 2013

DONNA M. RYU
United States Magistrate Judge